

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable E. L. Hinson, Jr.
County Auditor
Polk County
Livingston, Texas

Dear Sir:

Opinion No. O-7442

Re: Continued expenditure of money
for labor and material by Com-
missioner of Precinct No. 3,
Polk County, after his budget
is exhausted; though other
Commissioners have balances and
there is surplus in Road and
Bridge Fund.

Your recent letter requested the opinion of this department
on the following questions:

First, "Can the Commissioner of Precinct No. 3
continue to spend money for labor and material after
his budget has exhausted, although Precincts No. 1, 2
and 4 still have balances in their budget and there is
a surplus in the Road & Bridge Fund above the amount
budgeted for all purposes for that fund for the year?"

Second, "Can the Commissioner of Precinct No. 3
spend money for labor and supplies for the balance of
the year, yet there is no money in his budget, to be
paid out of the budget for 1947 of his precinct?"

With reference to your first question, we quote from Article
689a, V.A.C.S.:

"When the budget has been finally approved by
the Commissioners' Court, the budget, as approved by
the Court shall be filed with the Clerk of the County
Court, and taxes levied only in accordance therewith,
and no expenditure of the funds of the county shall
thereafter be made except in strict compliance with the

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

budget as adopted by the Court. Except that emergency expenditures, in case of grave public necessity, to meet unusual and unforeseen conditions which could not, by reasonably diligent thought and attention, have been included in the original budget, may from time to time be authorized by the Court as amendments to the original budget." (Underscoring ours).

The statute is clear on this point, for by expressly stating an exception to cover emergencies, it is the intention of the law that in all other cases the statute should be followed strictly.

As to what would constitute "emergency expenditures", "grave public necessity", "unusual and unforeseen conditions", "reasonably diligent thought and attention", are questions of fact to be determined primarily by the Commissioners' Court.

In connection with this, we want to point out that the discretion of the Commissioners' Court is not absolute in determining the existence of such facts. If the facts show that there is unquestionably such an emergency, their decision would be final. However, the Court may not arbitrarily declare an emergency and thereby expend county funds, when in fact no such emergency exists. This would be an attempt to circumvent the meaning of the statute.

Therefore we must answer your first question by saying that after the budget has been exhausted, no further expenditures may be made except by amendment to the budget for emergencies as provided for by Article 689a.

We also answer your second question in the negative. See our Opinion No. O-2937, a copy of which is enclosed.

Trusting that the foregoing answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By William B. Henley, Jr.
William B. Henley, Jr.
Assistant

NOV 22 1946
ATTORNEY GENERAL OF TEXAS

WBH:djm

Enclosure


APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN